SOLOMON S. GALLATIN, APPELLEE, v. TRI-STATE LAND COMPANY, APPELLANT.

FILED MAY 6, 1911.　No. 17,028.

1. **Taxation**: SALE FOR TAXES. A county treasurer must make return of his public sales of real estate for taxes to the county clerk, as provided by section 205, art. I, ch. 77, Comp. St. 1903, before he is authorized to sell lands at private tax sale.

2. ———: ———: NOTICE. The treasurer's notice of tax sales must contain substantially all of the matters specified in the statute. If it omits the statement that so much of each tract as may be necessary will be sold for the taxes, interest and costs thereon, or if the amount of the taxes against each tract are incorrectly stated, the sale made pursuant to such defective notice will be invalid.

3. ———: ———: TAX DEED: CONCLUSIVENESS. Section 221 of the revenue law (Comp. St. 1903, ch. 77, art. I) will not be construed to mean that a tax deed shall be conclusive evidence of all matters not recited in that section; and, where sufficient competent evidence is produced to overcome the presumptions created by the tax deed, it may be declared void.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wright, Duffie & Wright,* for appellant.

*Morrow & Morrow,* contra.

BARNES, J.

Action to set aside a tax deed and redeem the land described therein from the lien for taxes. The plaintiff had the judgment, and the defendant has appealed.

From the printed abstract and the agreed statements contained therein, it appears that the plaintiff is now and ever since the 27th day of August, 1898, has been the owner in fee of the northwest quarter of section 29, township 23, range 55, in Scott's Bluff county, Nebraska; that on the 7th day of December, 1903, the treasurer of that county sold said land at private sale for the delinquent taxes for the years 1901 and 1902 to one Vesta Funkhouser for the sum of $18.55, and delivered to her a certificate of purchase therefor; that on the 8th day of December, 1905, the treasurer of Scott's Bluff county executed and delivered a tax deed to said Vesta Funkhouser, whereby he purported to convey said lands to her, the tax deed being based on the sale above mentioned; that thereafter Vesta Funkhouser executed and delivered a deed conveying said premises, and all the interest which she had acquired therein by virtue of her tax deed, to one Mattie Frank; that on or about the 13th day of October, 1906, Mattie Frank and her husband, William Frank, conveyed the land in question to the defendant, the Tri-State Land Company, together with all the interest which they or each of them acquired in and to the premises by virtue of the conveyance of Vesta Funkhouser.

Upon the trial of the issues joined, the district court for Scott's Bluff county found, among others, the following facts: That on or before the first Monday of December, 1903, and before selling the land in question at private sale, the county treasurer of Scott's Bluff county filed in the office of the county clerk of said county a return of the public sale of lands for delinquent taxes as the same appeared on the treasurer's sale book. To this finding the plaintiff excepted. That the county treasurer did not make any return of the duplicate certificate of the sale of said land to the county clerk of said county, nor did he file a duplicate certificate thereof with the county clerk, nor was any duplicate certificate of said sale filed in the office of the county clerk of said county at any time prior to the execution of said tax deed. To this finding the defendant excepted.

The board of county commissioners did not designate any paper for the publication of the delinquent tax list for the year 1903, but said board of county commissioners did designate the Mitchell Index as the official paper of said county, in which the treasurer caused the delinquent tax list for that year to be published, together with a notice that the lands described in said list would be offered for sale for the taxes due and delinquent thereon; that said notice was defective and irregular as to the land of the plaintiff in this, that it did not state the amount of delinquent taxes assessed against said land, the amount stated in the notice being $8.88, whereas the true and correct amount of taxes against said land was $18.05, and that it did not appear that the county treasurer's name or signature was subjoined to the list of lands published, but his name or signature was subjoined to the notice of sale, and the list of lands immediately following his name or signature; nor did the published notice show any amount due for interest thereon. To this finding the defendant excepted.

That the treasurer did not post, or cause to be posted, in any place in his office a copy of the list of lands to be sold in the year 1903 for delinquent taxes, nor a copy of the notice of sale thereof, and no copy of said list or notice was at any time posted in the office of the county treasurer of said county, and no list whatsoever of lands sold for delinquent taxes for the year 1903, or notice of lands for sale, was ever posted in any place in the office of the county treasurer. To this finding the defendant excepted.

That the alleged notice of expiration of the time for the redemption from sale which was given by publication only, was defective, in that it failed to state that the purchaser would apply for a deed for said premises.

The court further found, as a conclusion of law, that the sale of the land in question to Vesta Funkhouser for the taxes due and delinquent thereon was void; that the deed issued thereon to her was illegal and void and con-

veyed no title to her; that her grantors acquired no title to said premises by virtue of said tax sale and deed; that defendant has no title to said premises, but has a lien thereon for the amount paid by it and its grantors in purchasing said lands at tax sale, together with all subsequent taxes paid by them, with interest, penalties and costs paid thereon. Thereupon the court entered the decree complained of, and taxed the costs to the defendant.

An examination of the testimony contained in the printed abstract leads us to the conclusion that the findings of the district court are correct, with the exception of the one relating to the filing of the return of the public sale conducted by the treasurer for the delinquent taxes for the year 1903, and upon this point we find that there is no competent evidence in the record showing, or tending to show, that the county treasurer of Scott's Bluff county filed a return of the public sale of lands for delinquent taxes for the year 1903 in the office of the county clerk of said county at any time before the land in question was sold at private sale to Vesta Funkhouser.

It is the defendant's contention that the treasurer's tax deed in question, by the provisions of section 221, art. I, ch. 77, Comp. St. 1903, is conclusive evidence that all of the provisions of the statute and all prerequisites of the law were complied with by the taxing officers and the county treasurer up to and including the issuance thereof, and that by the execution and delivery of the tax deed to its grantor and the mesne conveyances above mentioned it obtained and has a perfect title in fee to the lands described therein, which the plaintiff cannot successfully assail. In this we think the defendant is mistaken. That question was recently before this court in *Tate v. Biggs, ante*, p. 195, where it was held that section 221 of the revenue law (Comp. St. 1903, ch. 77, art. I) will not be construed to mean that a tax deed shall be conclusive evidence of all matters not recited in that section. We think this case is ruled by that decision, and further comment upon this point is unnecessary, and it is enough

to say that, when sufficient competent evidence is produced to overcome the presumption raised by the deed, it may be declared void.

Finally, it has been frequently held that the notice of tax sale must contain substantially all of the matters specified in the statute; that if it omits the statement that so much of each tract as may be necessary will be sold for the taxes, interest and costs thereon, and that it will be sold by the treasurer at public auction on the first Monday of November next thereafter, a sale made pursuant thereto will be void.

It appears that the notice in this case was not only defective and irregular in this respect, but it also failed to correctly state the amount of taxes due upon the land in question. Neither was there any published notice showing the amount of interest due thereon. This, together with the fact that the treasurer failed to make return of his public sales for the year 1903 to the county clerk before selling the plaintiff's land at private sale, are a sufficient departure from the provisions of the statute governing tax sales as to render such sale void. Therefore, a tax deed based on such a sale is also void.

For the foregoing reasons, we are of opinion that the judgment of the district court was right and should be affirmed, and it is so ordered.

AFFIRMED.